Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA RIVERKEEPER, | ) |
| | ) No. 3:21-cv-05784-DGE |
| Plaintiff, | ) |
| v. | ) CONSENT DECREE |
| | ) |
| MERCURY PLASTICS, INC., and ISO POLY FILMS, INC., | ) |
| | ) |
| Defendants. | ) |

### I.   STIPULATIONS

WHEREAS, Plaintiff Columbia Riverkeeper ("Riverkeeper") filed a complaint on October 21, 2021 against Mercury Plastics, Inc. ("Mercury") (Dkt. 1), an amended complaint on October 28, 2021 (Dkt. 4), and a second amended and supplemental complaint joining ISO Poly Films, Inc. ("ISO") on April 5, 2022 (Dkt. 16) alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., relating to discharges of stormwater and other pollutants from the Mercury and ISO's properties in Vancouver, Washington at 3807 SE Hidden Way, Vancouver, WA, including any contiguous parcels that are included in the area covered under NPDES permit no. WAR003984 for

CONSENT DECREE
No 3:21-cv-05784-DGE
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Mercury and under NPDES permit no. WAR302498 for ISO (together, "the Facility"), and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, Riverkeeper and Mercury and ISO (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, Riverkeeper, Mercury, and ISO (collectively "Defendants") stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Riverkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 6th day of September, 2022

| MERCURY PLASTICS, INC. | COLUMBIA RIVERKEEPER |
|---|---|
| By /s/Benjamin Deutsch<br>Benjamin Deutsch<br>President | By /s/Lauren Goldberg<br>Lauren Goldberg<br>Executive Director |

ISO POLY FILMS, INC.

By /s/ David McKinney
   David McKinney
   President

CONSENT DECREE
No 3:21-cv-05784-DGE
2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

## II.   ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3. This Consent Decree applies to and binds the Parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Mercury Plastics and ISO Poly of the Facility at 3807 SE Hidden Way, Vancouver, WA, including any contiguous parcels that are included in the area covered under NPDES permit nos. WAR003984 (Mercury) and WAR302498 (ISO) (together, the "Facility").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notices and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. This includes releasing any claims of liability, under the Clean Water Act (33 U.S.C. §§ 1251-1387), for the activities undertaken by Mercury and ISO within the Facility. Upon termination of this

CONSENT DECREE
No 3:21-cv-05784-DGE
3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Consent Decree, these claims are released and dismissed with prejudice. Mercury's and ISO's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims Riverkeeper and Smith & Lowney have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Riverkeeper's exclusive remedy for any violation of its terms. During the term of the Consent Decree, Riverkeeper will not support by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by Riverkeeper's members or other groups or individuals that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility.

6. This Consent Decree is a settlement of disputed facts and law. Mercury and ISO agree to the terms and conditions identified below in paragraphs 7-9 in full and complete satisfaction of all the claims covered by this Consent Decree:

7. Injunctive Relief:

   a. Mercury and ISO will comply with the Clean Water Act at the Facility and the terms and conditions of each of their Industrial Stormwater General Permits ("ISGP") and any successor or modified permits.

   b. For the life of the consent decree (three years), Mercury and ISO will, on a quarterly basis, electronically forward to Riverkeeper copies of all submissions, written communications, and documents to and/or from Ecology concerning Mercury and ISO's permit compliance.

CONSENT DECREE
No 3:21-cv-05784-DGE
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

  c. Within sixty (60) days, after entry of this Consent Decree, Mercury and ISO will revise both of their stormwater pollution prevention plans (SWPPP), updated under the guidance of a qualified stormwater professional, to comply with Permit requirements. This includes the following updates:

    i. The SWPPP will describe the StormwateRx Aquip or equivalent treatment system along with its operation and maintenance protocols.

    ii. The SWPPPs' monitoring plan must provide for both companies to collect samples of the combined discharge from the outlet of the StormwateRx Aquip or equivalent treatment system.

    iii. The SWPPPs must describe BMPs for preventing plastic pellet spills and for immediate response to any such spills, including detailed steps for immediately blocking catch basins and removing pellets from the pavement at the Facility and on adjacent roads and catch basins.

    iv. Mercury and ISO will continue to timely update their SWPPPs.

  d. Mercury and ISO must provide drafts of the revised SWPPPs to Riverkeeper within 30 days of entry of this decree. Riverkeeper may provide comments on the draft SWPPPs to Defendants within 30 days of receipt. Mercury and ISO will either incorporate Riverkeeper's comments into the SWPPP or provide a detailed, written response to Riverkeeper explaining why any comment was not incorporated into the SWPPP. Defendants will promptly

CONSENT DECREE
No 3:21-cv-05784-DGE
5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

    provide Riverkeeper with electronic copies of the fully updates SWPPPs upon their certifications.

  e. Mercury and ISO will cover the cost for Riverkeeper and its expert to review the SWPPPs, not to exceed $3,500.

  f. Mercury and ISO will install and put into operation a StormwateRx Aquip or equivalent treatment system which treats all runoff from the Facility by December 31, 2022, consistent with an Ecology-approved engineering report prepared by a qualified stormwater professional. Failure to install the treatment system by February 28, 2023 shall not be a violation of this Consent Decree if all of the following conditions are met:

    i. Mercury and ISO purchase and order the treatment system components by October 10, 2022;

    ii. Mercury and ISO apply for any necessary permits for construction and operation of the treatment system as soon as practicable and in no case later than October 10, 2022;

    iii. Mercury and ISO begin seeking bids for installation of the treatment system as soon as practicable and no later than October 10, 2022;

    iv. Mercury and ISO exercise their best efforts to obtain all necessary permits for construction and installation of the treatment system as soon as practicable, including but not limited to promptly responding to any Department of Ecology and City of Vancouver requests for

CONSENT DECREE
No 3:21-cv-05784-DGE
6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

corrections to engineering documents and/or permit application materials.

g. In the event that Mercury and ISO fail to complete installation of the treatment system and put the treatment system into full operation by February 28, 2023, and conditions II.7.f.i-iv. are not met, Mercury and ISO shall collectively pay stipulated penalties of $2,500 per week for each week beyond February 28, 2023 the treatment system is not installed and operation. Mercury and ISO shall pay these stipulated penalties directly to The Rose Foundation via payment by check to the address provided in paragraph 8. Payment must be made within 30 days of violating the deadline. In the event that Mercury and ISO exceed the deadline in this paragraph 7.g for more than 1 week, payments may be consolidated into monthly checks paid no later than every 30 days until Mercury and ISO come into compliance with this section.

h. Mercury and ISO will maintain at least the same level of catch basin protection, including catch basin inserts, as was present at the Facility as documented on Riverkeeper's site visit on May 18, 2022 catch basins at the Facility.

i. Mercury and ISO will have all paved areas of the Facility vacuum swept at least monthly.

j. ISO will use its best efforts to immediately clean up all plastic pellets that

CONSENT DECREE
No 3:21-cv-05784-DGE
7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

spill outdoors at or from the Facility, including same-day spill cleanup and will maintain a walk-behind mechanical sweeper for this purpose in addition to manual cleanup BMPs capable of removing plastic pellets from the rail car portion of the Facility.

8. Payment in Lieu of Penalty: Within seven (7) days of entry of this Consent Decree, Defendants will collectively pay $262,500 (Two Hundred and Sixty-Two Thousand and Five Hundred Dollars) to the Rose Foundation for the sole use for projects that benefit water quality in the Columbia River basin, as described in <u>Exhibit 1</u> to this Consent Decree. The checks will be made to the order of The Rose Foundation and delivered by check made payable and mailed to: The Rose Foundation for Communities and the Environment, Attention: Tim Little, 201 4th Street, Suite 102, Oakland, CA 94707. Payment will include the following reference in a cover letter or on the check: "Consent Decree, Riverkeeper v. Mercury Plastics, et al., W.D. Wash. No. 3:20-cv-05784-DGE." Simultaneously, Mercury and ISO will send a copy of the checks and cover letters, if any, to Columbia Riverkeeper and its counsel.

9. Within seven (7) days of entry of this Consent Decree by the Court, Mercury and ISO will collectively pay $75,700 to Riverkeeper to cover Riverkeeper's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Claire Tonry. This figure does not include the $3,500 payment under paragraph 7.e of this Consent Decree.

CONSENT DECREE
No 3:21-cv-05784-DGE
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

10.     A force majeure event is any event outside the reasonable control of Mercury and ISO that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Mercury and ISO timely notifies Riverkeeper of the event, the steps that Mercury and ISO will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11.     Mercury and ISO will notify Riverkeeper of the occurrence of a force majeure event as soon as reasonably possible but in any case, no later than seven (7) days after Mercury and ISO become aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a.    Acts of God, war, insurrection, or civil disturbance;

b.    Earthquakes, landslides, fire, floods;

c.    Actions or inactions of third parties over which Defendants have no control;

d.    Unusually adverse weather conditions;

e.    Restraint by court order or order of public authority;

f.    Strikes;

g.    Any permit or other approval sought by Defendants from a government

CONSENT DECREE
No 3:21-cv-05784-DGE
9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Defendants timely and in good faith sought the permit or approval;

h.   Litigation, arbitration, or mediation that causes delay;

i.   Epidemics and pandemics, including but not limited to, COVID-19 related delays;

j.   Supply chain issues and delays.

12.   This Court retains jurisdiction over this matter, while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree .

CONSENT DECREE
No 3:21-cv-05784-DGE
10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

14. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Columbia Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

15. This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates three years after that date.

16. Both Parties have participated in drafting this Consent Decree.

17. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

18. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

19. Notifications required by this Consent Decree must be in writing. The sending Party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving Party at the one or more

CONSENT DECREE
No 3:21-cv-05784-DGE
11

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

**If to Columbia Riverkeeper**:

Simone Anter
Columbia Riverkeeper
P.O. Box 950
Hood River, OR 97031
Email: simone@columbiariverkeeper.org

**And to**:

Claire Tonry
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
Email: claire@smithandlowney.com

**If to Mercury Plastics. Inc.:**

Debbie Gwinn
3807 SE Hidden Way
Vancouver, WA 98661
Email: debbiegwinn@mercplastics.com

Benjamin Deutsch
14825 Salt Lake Avenue
City of Industry, CA 91746
Email: bendeutsch@mercplastics.com

**If to ISO Poly Films, Inc.:**

David McKinney
101 ISO Parkway
Grey Court, SC 29645
Email: david.mckinney@isoflexpkg.com

Bari Stockton
3807 SE Hidden Way
Vancouver, WA 98661

CONSENT DECREE
No 3:21-cv-05784-DGE
12

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Email: bari.stockton@isoflexpkg.com

**And to:**

Steven Hill
Katelyn J. Fulton
Miller Nash LLP
500 Broadway St, Ste 400
Vancouver, WA 98660
Email: steve.hill@millernash.com
katelyn.fulton@millernash.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

CONSENT DECREE
No 3:21-cv-05784-DGE
13

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

DATED this 1st day of November, 2022.

_____
David G. Estudillo
United States District Judge

Presented by:

| MILLER NASH LLP | SMITH & LOWNEY PLLC |
|---|---|
| By */s/Katelyn Fulton* <br> Steven Hill, WSBA #23694 <br> Katelyn J. Fulton, WSBA #58809 <br> *Attorney for Defendants* | By */s/Claire Tonry* <br> Claire Tonry, WSBA #44497 <br> Marc Zemel, WSBA #44325 <br> *Attorneys for Plaintiff Columbia Riverkeeper* |

COLUMBIA RIVERKEEPER

By */s/Simone Anter*
Simone Anter, WSBA #52716
*Attorney for Plaintiff Columbia Riverkeeper*

CONSENT DECREE
No 3:21-cv-05784-DGE
14

SMITH & LOWNEY, P.L.L.C.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883